UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| RORY JAY MERCER and HUGH R. ROGERS and MITCHELL EDWARD PAYNE and BRYAN S. KALISHEK, for themselves and on behalf of others similarly situated,<br><br>    Plaintiffs<br>vs.<br><br>PALM HARBOR HOMES, INC.<br><br>    Defendant. | Case No.:<br><br>COLLECTIVE ACTION<br><br>JURY DEMAND |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW the Plaintiffs, RORY JAY MERCER, HUGH R. ROGERS, MITCHELL EDWARD PAYNE, and BRYAN S. KALISHEK, for themselves and on behalf of others similarly situated (hereinafter referred to as "Plaintiffs"), by and through their undersigned counsel, The Robbins Law Firm, P.A., and sue the Defendant, PALM HARBOR HOMES, INC. (hereinafter referred to as the "Defendant" or "Palm Harbor Homes"), and state as follows:

**INTRODUCTION**

1. This is an action by current and former employees of Palm Harbor Homes, Inc. against the Company for unpaid minimum wages, unpaid overtime wages, and damages, pursuant to the Fair Labor Standards Act ("FLSA") and Florida law. The Plaintiffs, who seek to certify this case as a collective action pursuant to 29 U.S.C. § 216(b), allege that Palm Harbor Homes, Inc. has underpaid its employees, failed to credit them for hours worked, and failed to pay them adequate overtime, as the law requires.

2. Plaintiffs are construction crew employees and performed related activities for the

Defendant in and around Hillsborough County, Florida.

3. This action is brought under the FLSA to recover from Defendant overtime compensation, minimum wages, liquidated damages, and reasonable attorney fees and costs.

4. This action is brought under the FLSA to include each and every construction crew worker who worked for the Defendant at any time within the past three (3) years.

## JURISDICTION

5. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq.

6. The Court has jurisdiction over these FLSA claims pursuant to 29 U.S.C. § 216(b).

7. The Court has jurisdiction over these FLSA claims pursuant to 28 U.S.C. § 1337.

8. This court has personal and general jurisdiction over the Defendant, Palm Harbor Homes, as it is a Florida Corporation doing business in the State of Florida.

## VENUE

9. This Court is the proper venue to bring this controversy.

10. This claim arose in the Middle District of Florida.

11. The Defendant has an office in Tampa at 10404 N. Nebraska Avenue, Tampa, FL 33612.

12. The Defendant has paid wages to employees in Tampa, Florida.

13. The Plaintiffs reside in the Middle District of Florida.

14. The Plaintiffs are owed wages and overtime compensation for work performed in the Middle District of Florida.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

15. Plaintiffs were at all times material hereto employed by Defendant, Palm Harbor Homes.

16. Defendant has employees at the facility where Plaintiffs worked and at facilities where others similarly situated worked and is subject to the provisions of the FLSA, 29 U.S.C. § 206.

17. At all times material to this action, Defendant was an enterprise covered by the FLSA as defined by 29 U.S.C. § 203(s)(1) and 29 U.S.C. § 203(r).

18.     Defendant, at all times relevant to the alleged violations of the Fair Labor Standards Act, was engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a)(1).

19.     Defendant regularly exercised the authority to (a) hire and fire employees, (b) determine the work schedule for employees, and (c) control the finances and operation of Defendant. By virtue of the regular exercise of that authority, Defendant is an employer as defined by 29 U.S.C. § 203(d).

20.     At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiffs and those similarly situated performed services for Defendant for which no provision was made by Defendant to properly compensate Plaintiffs for hours worked in excess of forty hours per week.

21.     Despite the actual time recorded on Plaintiffs' timecards, Defendant under-reported and under-paid Plaintiffs for their actual overtime hours in one or more workweeks.

22.     Plaintiff RORY JAY MERCER is an employee of Defendant.

23.     Plaintiff MITCHELL EDWARD PAYNE is an employee of Defendant.

24.     Plaintiff HUGH R. ROGERS is an employee of Defendant.

25.     Plaintiff BRYAN S. KALISHEK is a former employee of Defendant.

26.     Plaintiffs have retained the ROBBINS LAW FIRM, P.A. to represent them in this matter and have agreed to pay said Firm a reasonable attorney's fee for its services.

27.     Upon information and belief, the majority of records concerning the number of hours worked and amounts paid to Plaintiffs and others similarly situated are in the Defendant's possession and custody or that of its agents.

## COLLECTIVE ACTION ALLEGATIONS

28.     Plaintiffs bring this action as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and others similarly situated, with the collective class of employees defined as:

ALL CONSTRUCTION CREW EMPLOYEES OF PALM HARBOR HOMES, INC. WHO WERE NOT PAID OVERTIME COMPENSATION AND/OR WHO WERE NOT PAID FOR ALL HOURS THEY WORKED FOR PALM HARBOR HOMES, INC. DURING THE PAST THREE YEARS (the "Class").

29. Palm Harbor Homes, Inc. is a publicly-traded company.

30. It has offices and employees in 26 or more states.

31. Palm Harbor Homes, Inc. has 4,500 "associates" nationwide, according to its website.

32. On information and belief, additional similarly situated employees and former employees of Palm Harbor Homes have been subject to the same FLSA violations by Defendant and will elect to "opt-in" to this action pursuant to the provisions of 29 U.S.C. § 216(b).

33. Even if separate actions could be brought by individual collective action members, the resulting multiplicity of lawsuits would cause undue hardship and expense for both the Court and the litigants.

## COUNT I: RECOVERY OF OVERTIME COMPENSATION

34. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-33 above.

35. Plaintiffs are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per workweek.

36. During their employment with Defendants, Plaintiffs regularly worked more than 40 hours per week.

37. Defendant has not paid Plaintiffs all monies owed for overtime work in one or more work weeks.

38. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiffs their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

39. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

40. Plaintiffs demand a trial by jury.

## COUNT II
## VIOLATION OF THE MINIMUM WAGE
## PROVISION OF THE FAIR LABOR STANDARDS ACT
## UNDER FEDERAL LAW

41. Plaintiffs re-allege and re-incorporate herein the allegations contained in paragraphs 1 through 33, above.

42. The Defendant willfully violated Section 6 and Section 15 of the Fair Labor Standards Act by failing to compensate the Plaintiffs at a rate equal to the minimum wage requirement for work performed while employed by Defendant.

43. Defendant also intentionally manipulated Plaintiffs' pay records, "clocked them out" while they were still working, and fabricated divergent rates of pay to deliberately understate Defendant's liability for wages.

44. As a result of Defendant's intentional, willful, and unlawful acts, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

45. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

46. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs demand a judgment against Defendant for the following:

(a) Wages found to be due and owing;

(b) An additional amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

(c) Prejudgment interest, in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and,

(e)   Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all counts so triable.

Dated this **27th** day of **July, 2005**.

_____
J. CHRISTOPHER ROBBINS, ESQ.
Florida Bar Number: 581951
The Robbins Law Firm. P.A.
2100 Dr. Martin Luther King St. N.
St. Petersburg, Florida 33704
Tel:  (727) 822-8696 | Fax: (877) 919-5419
http://www.FloridaLawyer.com/

*Trial Attorneys for the Plaintiffs*