**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RORY JAY MERCER and HUGH R.**
**ROGERS and MITCHELL EDWARD**
**PAYNE and BRYAN S. KALISHEK, for**
**themselves and on behalf of others similarly**
**situated,**

      **Plaintiffs,**

v.                                                                              Case No.  8:05-cv-1435-T-30TGW

**PALM HARBOR HOMES, INC.,**

      **Defendant/Counterplaintiff,**

v.

**BRIAN S. KALISHEK,**

      **Counterdefendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff/Counterdefendant Bryan S. Kalishek's (hereinafter "Mr. Kalishek") Motion to Dismiss Palm Harbor Homes, Inc.'s Counterclaim (Dkt. 12). For the reasons set forth below, this Court finds that Mr. Kalishek's Motion should be **DENIED** to the extent that the Counterclaim will be allowed to stand as a setoff claim only.

**DISCUSSION**

**A.     Factual Background.**

Mr. Kalishek, along with other employees of Palm Harbor Homes. Inc. (hereinafter "Palm Harbor Homes"), filed this action pursuant to the Fair Labor Standards Act (hereinafter "FLSA") alleging Palm Harbor Homes underpaid its employees, failed to pay employees for hours worked and failed to pay employees adequate overtime (Dkt. 1 at 1). In response, Palm Harbor Homes simultaneously filed its Answer and Affirmative Defenses and a Counterclaim against Mr. Kalishek for conversion (Dkt. 7 at 6-7). In the Counterclaim, Palm Harbor Homes alleges that Mr. Kalishek appropriated a 12 inch cut saw and blades which Palm Harbor Homes alleges is valued at approximately $4,000 (Dkt. 7 at 6). Palm Harbor Homes is seeking damages both in the amount of the reasonable value of the property and the value of the property's use to Palm Harbor Homes (Dkt. 7 at 7). Mr. Kalishek filed his Motion to Dismiss (Dkt. 12) seeking dismissal of Palm Harbor Homes' Counterclaim arguing that the Counterclaim was permissive, not compulsory.

**B.     Legal Analysis.**

As Palm Harbor Homes' Counterclaim alleges state law claims, this Court's subject matter jurisdiction over the claims is supplemental. See Richardson v. Trainer, 2003 U.S. Dist. LEXIS 13829 at 10 (S.D. Fla. 2003). In order to have supplemental jurisdiction over the state law claims, "it must be shown that the state law claims presented are compulsory, rather than permissive." Id. (citing 28 U.S.C. § 1367 which states, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental

jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."). Pursuant to Federal Rule of Civil Procedure 13(a), a counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a) (2005). Conversely, a permissive counterclaim is one that requires an independent ground for federal jurisdiction such as federal question, admiralty, or diversity. Richardson, 2003 U.S. LEXIS 13829 at 10-11.

    Mr. Kalishek argues that Palm Harbor Home's conversion claim is permissive in that the facts needed to support the state claim are distinct from those facts needed to support Plaintiffs' FLSA claim (Dkt. 12 at 5-6). Conversely, Palm Harbor Homes asserts that the setoff/counterclaim for conversion bears a "logical relationship"[1] with the FLSA claim (Dkt. 13-1 at 3). In reviewing the Counterclaim, this Court agrees with Mr. Kalishek. The facts underlying the FLSA claim are distinct from the facts underlying Palm Harbor Homes' conversion claim. Additionally, the elements of proof for each claim are distinct from one another. The fact that the events surrounding the alleged conversion took place during Mr. Kalishek's employment with Palm Harbor Homes is, by itself, insufficient to satisfy the "logical relationship" test.

    Palm Harbor Homes also argues that because the Counterclaim is seeking a setoff, no independent jurisdictional grounds are required for the Counterclaim (Dkt. 13-1 at 5). In

---

[1] The Eleventh Circuit employs the "logical relationship" test to determine whether or not a counterclaim is compulsory rather than permissive. Richardson, 2003 U.S. LEXIS 13829 at 11. Under the "logical relationship" test, "the same operative facts [must] serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." Id. (citations omitted).

support, Palm Harbor Homes cites a footnote from a Second Circuit case, <u>U.S. v. Heyward-Robinson Company</u>, 430 F.2d 1077 (2d Cir. 1970). This Court agrees with Palm Harbor Homes. However, while a set-off is a well recognized exception to the independent jurisdictional requirement for permissive counterclaims, it is to be used solely to defeat or reduce recovery and does not seek affirmative relief. <u>Allapattah Services, Inc. v. Exxon Corp.,</u> 157 F. Supp 2d 1291, 1322 (S.D. Fla. 2001).

**C.    Conclusion.**

Palm Harbor Homes' Counterclaim is a valid setoff and may be used as such solely for the purpose of reducing those damages, if any, recovered by Mr. Kalishek. Should the amount of setoff exceed those damages recovered by Mr. Kalishek, Palm Harbor Homes will not be permitted to recover from Mr. Kalishek the difference between the two amounts. If Palm Harbor Homes wishes to recover the full amount of their claim, they must file a separate action in the appropriate forum..

It is therefore ORDERED AND ADJUDGED that:

1.    Plaintiff/Counterdefendant Bryan Kalishek's Motion to Dismiss (Dkt. 12) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 10, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2005\05-cv-1435 Motion to Dismiss counterclaim.wpd